**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 3:13-16** |
| | ) | |
| **WARREN CHARLES GREEN IV** | ) | |

**Memorandum Opinion and Order**

Defendant Warren Charles Green IV has filed a Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1). ECF No. 204. The government has filed a response opposing the motion, to which Mr. Green has filed a Reply. ECF Nos. 209, 210. On October 19, 2016, Mr. Green pleaded guilty to one count of possession with intent to distribute one kilogram of heroin. Mr. Green's calculated guideline sentence range was 84 to 104 months' imprisonment. On March 1, 2017 , Mr. Green was sentenced by District Judge Kim R. Gibson to the statutory mandatory minimum sentence of 120 months' imprisonment, to be followed by five years of supervised release. Mr. Green began his five-year term of supervised release on June 8, 2022.

## I. Applicable Law

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may "terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release," if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted).

In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)[1]. "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Melvin*, 978 F.3d at 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).

The United States Sentencing Guidelines § 5D1.4(b), in accord with 18 U.S.C. § 3583(e)(1), states that a court may terminate a defendant's remaining term of supervised release "[a]ny time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision." § 5D1.4(b). The Guidelines recommend that the determination should be made, "following consultation with the government and the probation officer." § 5D1.4(b). Amendment 835 to the United States Sentencing Guidelines, effective November 1, 2025, added the following guidance to courts reviewing early termination motions:

> (B) Early Termination. — When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:
>
> > (i) any history of court-reported violations over the term of supervision; (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
> >
> > (iii) the defendant's substantial compliance with all conditions of supervision;

---

[1] The select factors under 18 U.S.C. § 3553(a) are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2)(B) the need to afford adequate deterrence to criminal conduct, (2)(C) to protect the public from further crimes of the defendant, (2)(D) to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; 4(B) the applicable guidelines or policy statements issued by the Sentencing Commission, (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

> (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
>
> (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
>
> (vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

U.S.S.G. § 5D1.4, comment. n.1(B).

Finally, although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53. Despite this "general rule," the Court has the discretion to terminate supervision early even in the absence of new circumstances. *Id.*

**III. Discussion**

Mr. Green argues that early termination of his supervised release is warranted because he has substantially complied with the conditions of his supervised release, he has had recent negative drug tests; he was successfully discharged from his program at Allied Addiction Recovery; he has not a positive drug test for 14 months, he does not pose a risk to the community; he is employed as a barber; and he has strong support from his girlfriend and family. Mr. Green supports his motion for early termination of supervised release by citing a study published by the Administrative Office of the United States Courts, a study published

by the United States Sentencing Commission, several law review articles addressing supervised release, and judicial opinions. ECF No. 204. at 13-16. Among other things, the studies and articles tend to show that that early termination of supervised release does not create a greater risk to the public than a person serving a full term.

The United States Probation Office filed a "Report of Status of Person Under Supervision with Respect to Early Termination, Pursuant to Guide to Judiciary Policy, Vol. 8E, Ch. 3," that states that Mr. Green does not meet all criteria for early termination. ECF No. 207, at 2. Specifically, the Probation Officer reports that Mr. Gordon is not in substantial compliance with all conditions of supervision, as he has five positive drug tests for marijuana and prior to June 2026, he had not been able to verify his employment. *Id.* The Probation Officer also further explains that, as of the date of the Report (July 7, 2026),

> Mr. Green has not presented an identified risk of harm to the public. Mr. Green appears able to lawfully self-manage as he has not committed additional offense while under supervision thus far. Mr. Green has identified prosocial support in his family, has completed substance abuse treatment, and is currently legally employed. The probation office would not consider Mr. Green to be in substantial compliance of all conditions of supervision, as he has provided 5 positive substance abuse tests for marijuana ranging from July 2022 until May 2025. Additionally, while Mr. Green has currently provided verifiable employment beginning in June 2026, he has not been able to provide ongoing verification of employment throughout the duration of his term thus far. However, Mr. Green has been free of court-reported violation for the past 12-months.

*Id.* at 3. The Probation Office also filed a confidential Recommendation with Respect to Early Termination, recommending that early termination not be granted at this time. ECF No. 208. (under seal). In opposing termination of supervised release, the government relies on the Probation Officer's Report of Status and indicates that it concurs that supervised release should not be terminated early.

In Mr. Green's Reply, he argues that he is in substantial compliance with his conditions of supervised release. ECF No. 210. Mr. Green states that, as of the date of filing the Reply (July 21. 2026), he "is in total compliance with this supervision conditions," he is "gainfully employed," he has "completed substance abuse treatment, has tested negative for the presence of drugs for the past 14 [now sixteen] months. *Id.* at 1. Further, Mr. Green has not had any "court-reported violations for the last year," and his last positive test, for marijuana, was in May 2025. *Id.*

The Court's standard for evaluating whether early termination is warranted is broad: the court is to determine whether it is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

The Court finds that Mr. Green is presently in substantial compliance with his terms of supervision and has been since approximately May 2025. Mr. Green had five positive drug tests for marijuana. The first positive test occurred four days after he commenced supervision. *Order on Report on Offender Under Supervision*, Aug. 2, 2022, ECF No. 194. The Report states that "Mr. Green was forthcoming and honest in response, stating that the urine screen would be positive for Marijuana," explaining that he had consumed substances within the Bureau of Prisons. *Id.*

Both his second and third positive drug tests were also for marijuana. *Order on Report on Person Under Supervision*, March 7, 2023, ECF No. 196. Said positive drug tests occurred on August 19, 2022, and November 7, 2022. *Id.* The Probation Officer reported that Mr. Green was "forthcoming in admission and has provided medical documentation that he was approved to participate in the medical marijuana program." *Id.* Of course, regardless of his

state of Pennsylvania authorization for the use of medical marijuana, Mr. Green's use of marijuana remains unlawful under federal law. The Probation Officer further reported that if he continued to submit positive drug tests, Mr. Green would be referred to a drug and alcohol assessment and he would be expected to attend treatment if recommended. *Id.*

His fourth positive drug test, again for marijuana, occurred on October 1, 2024 and Mr. Green again "admitted that he previously used marijuana, but that it was medical marijuana, and it was 'a while ago.'" *Order on Report on Person Under Supervision*, October 16, 2024, ECF No. 198. Consistent with his earlier warning to Mr. Green, the Probation Officer stated that "Mr. Green will be directed to receive a drug and alcohol assessment." *Id.* There is no official Report filed with the Court with respect to Mr. Green's fifth positive drug test, but there is no dispute that he did test positive for marijuana in May 2025. A year later, on May 1, 2026, Mr. Green was successfully discharged from Allied Addiction Recovery, after having been evaluated on November 11, 2024. Letter from J. Axe, LPC to U.S. Probation Office, May 1, 2026, ECF No. 204-2.

Mr. Green's first three positive drug tests occurred within the first four months of supervision in 2022. The next positive drug test occurred almost two years later in October 2024. At that point, Mr. Green was referred for a drug and alcohol assessment, which took place in November 2024. A treatment program was recommended, which Mr. Green attended and successfully completed. A year prior to completing the treatment program, Mr. Green tested positive a fifth and final time, in May 2025. Thus, Mr. Green has three positive tests in 2022, one in 2024, and one in 2025. Mr. Green has not tested positive since May 2025. Considering the timing of the positive drug tests, the fact that Mr. Green was evaluated for

treatment and completed treatment, and that he has not had any positive drug tests in over sixteen months, the Court finds that Mr. Green qualifies as being substantially in compliance with his terms of supervision. Mr. Green's performance with respect to his employment conditions does not alter this conclusion. It is undisputed that he is presently legally employed, and he has provided verification of his employment as of June 2026.

Mr. Green is presently compliant with his terms of supervision and has been compliant for the past sixteen months. Mr. Green is deemed to have been substantially compliant with his conditions of release in light of the fact that his positive drug tests occurred primarily in the first four months of supervision, and there were only two more thereafter, which resulted in Mr. Green undergoing successful treatment for drug addiction. In addition to his substantial compliance with his conditions, the Probation Office reports that Mr. Green has not presented an identified risk of harm to the public. The Probation Office also reports that he appears to lawfully self-manage, and he has not committed any additional offense while under supervision. Mr. Green has identified prosocial support in his family and is currently legally employed. Although Mr. Green has provided five positive substance abuse tests for marijuana, dating from July 2022 through May 2025, he completed substance abuse treatment in May 2026, and has not had a positive test since May 2025.

Mr. Green was convicted of a serious drug felony, possession with intent to distribute heroin. Mr. Green has, however, completed over four years of his five-year term of supervised release. His most recent conduct includes successfully completing drug addiction treatment and having no positive drug tests since May 2025. His conduct, as verified by the Probation Office's report, demonstrates that he has been compliant with his conditions of supervision for

over a year, except for past issues with Mr. Green providing verification for his employment. At this time, Mr. Green maintains housing and employment and he receives family support, all factors favoring early termination.

Following review of Mr. Green's Motion and Brief, the government's response, Mr. Green's Reply, the Probation Officer's position, all relevant filings from Mr. Green's criminal case, and Mr. Green's conduct while on supervision, the Court concludes that early termination of Mr. Green's supervised release is warranted. Mr. Green maintains employment; he has been in substantial compliance with his conditions of release during his term of supervision; and he has been fully compliant over the past fifteen months. Mr. Green has completed approximately 51 months of his five-year term of supervision, with approximately nine months remaining. After considering an individualized assessment, and after reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), the relevant factors set forth in 18 U.S.C. § 3553(a), and the factors set forth in § 5D1.4, comment. n.1(B), the Court concludes that terminating supervised release at this juncture is in the interests of justice.

Accordingly, the following Order is hereby entered.

AND NOW, this 21st day of October 2026, it is hereby ORDERED, that Warren Green's Motion for Early Termination of Supervised Release, ECF No. 204, is GRANTED.

IT IS FURTHER ORDERED that Mr. Green's term of supervised release is terminated.

__s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge